**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0088n.06

No. 15-3347

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 10, 2016
DEBORAH S. HUNT, Clerk

REYNOLDS AND REYNOLDS )
COMPANY, )
 )
    **Plaintiff-Appellee,** )
 )    **ON APPEAL** FROM THE
v. )    UNITED STATES DISTRICT
 )    COURT FOR THE SOUTHERN
JAMES MIKUTA, )    DISTRICT OF OHIO
 )
    **Defendant-Appellant.** )    **MEMORANDUM OPINION**
 )

**BEFORE: NORRIS, CLAY, and COOK, Circuit Judges.**

**PER CURIAM.** James Mikuta worked for fifteen years as a sales representative for Reynolds and Reynolds Company ("Reynolds"). He resigned in February 2013 and took a position with a competitor. After his resignation, Reynolds sought to enforce a 2007 employment agreement through arbitration that included non-compete and confidentiality provisions. The arbitrator ultimately ordered a permanent injunction that prohibited Mikuta from contacting 154 of his former customers for three years or from using any proprietary material of Reynolds. Thereafter, Reynolds filed suit in federal court under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to enforce the arbitration award. The district court complied. Mikuta appeals. Specifically, he challenges federal diversity jurisdiction and argues that the proper forum was the Ohio Court of Common Pleas where he filed suit seeking modification of the arbitrator's decision. He contends in the alternative that the district court should have abstained pending the state court's decision.

We have had an opportunity to review the record below, the briefs submitted by the parties, and to hear oral argument. In our view, the district court correctly concluded that diversity jurisdiction was proper and it did not abuse its discretion in declining to abstain. Because we agree with the analysis of the district court's orders of December 31, 2014 (finding that it had diversity jurisdiction), February 11, 2015 (declining to abstain and enforcing arbitration), and March 31, 2015 (overruling defendant's motion for reconsideration), a reasoned opinion by this court would serve no useful purpose.

The judgment of the district court is **affirmed**.